UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| AGNES KOLE,<br>    Plaintiff,<br><br>vs.<br><br>DONNA ZICKEFOOSE,<br>FELIPE RODRIGUEZ,<br>WAYNE SCHOONMAKER,<br>    Defendants. | )<br>)<br>)<br>)<br>)   Civ. Action No. 3:09-CV-01865<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION

Plaintiff moves the Court, pursuant to Rule 65(a) of the Federal Rules of Civil Procedure, for a preliminary injunction enjoining Defendants[1] from imposing substantial burdens on Plaintiff's religious exercise by unfairly increasing the prices of kosher-for-Passover ("KFP") food during the Passover holiday. This motion is based on the records and proceedings herein and the accompanying declaration, exhibits, and memorandum of law filed with this motion. In light of the fact that the Passover holiday begins on March 30, 2010, Plaintiff requests a hearing on or before March 10, 2010.

In support of this motion, Plaintiff states:

1) Plaintiff is a Jewish inmate at the prison who maintains a religiously observant diet throughout the year known as keeping kosher.

2) At mealtimes, Defendants provide kosher inmates with only salad and a single, sealed tray of food, while other non-kosher inmates may help themselves to additional servings. Defendants do not provide any food outside of the three

---

[1] Plaintiff notes that Maureen Baird is now the warden at FCI Danbury and should be substituted for Donna Zickefoose on claims made against former Warden Zickefoose in her official capacity pursuant to Fed. R. Civ. P. 25(d).

1

mealtimes, nor do Defendants permit inmates to receive food sent from friends and relatives outside of the prison.

3) Because Defendants provide only a limited amount of religiously sanctioned food, Plaintiff regularly becomes hungry between meals, particularly over the nearly twelve hours between the end of dinner at 6:30 pm and breakfast the following morning. To curb her hunger between meals, Plaintiff routinely purchases kosher food staples available through the prison commissary to supplement her kosher diet.

4) Plaintiff annually celebrates a Jewish holiday known as Passover. During the eight-day celebration, Plaintiff follows a religious diet called kosher for Passover ("KFP"), which is even more restrictive than her normal kosher diet. KFP is mandated by the Torah[2] and observed by Jews around the world during the Passover holiday. As part of her KFP diet, Plaintiff cannot eat anything leavened or allow anything leavened to come in contact with KFP food.

5) Plaintiff feels particularly hungry during Passover because the KFP meals provided by Defendants are even less filling than the meals provided during the rest of the year. Plaintiff cannot eat from the salad bar during Passover because it does not qualify as KFP. She cannot consume the kosher snacks she ordinarily purchases from commissary because they do not meet the heightened standard for KFP food.

6) Defendants do not provide Plaintiff with larger portions or additional servings of food during Passover to compensate for the less filling meals.

7) From approximately 1998 until January 2007, Defendants permitted Jewish inmates to special order supplemental KFP items prior to Passover from the Aleph

---

[2] Exodus 12:43-51 and 13:1-22; Numbers 28:16-31.

Institute, a non-prison organization that supplies KFP items at a discount to prison inmates across the country. These purchases were subject to the customary $290 monthly spending limit imposed on all inmates. Plaintiff regularly purchased KFP items from Aleph, which included protein-rich foods such as salmon and chicken matzo-ball soup. These items assuaged Plaintiff's hunger and thus enabled her to sustain her dietary religious observance during Passover.

8)  In early 2007, Defendants enacted a new policy that imposed a $100 spending limit on KFP items purchased through Aleph.

9)  When Plaintiff grieved the new spending limit through the Bureau of Prisons administrative remedy process, Defendants abruptly rescinded the entire Aleph program in March 2007 and announced that KFP items would only thereafter be available through the prison commissary. Defendants then refused to stock any of the KFP protein-rich staples such as chicken, fish, and soup that had previously been available through Aleph. Instead, Defendants provided inmates with only five KFP snack items: matzo, grape juice, macaroons, and two kinds of chocolate.

10) On November 19, 2007, Plaintiff filed for a writ of habeas corpus in the District Court of Connecticut, 3:07-CV-01711 (JCH), alleging that the rescission of the special purchase order ("SPO") program violated her constitutional rights. That petition was denied on April 16, 2008. Plaintiff appealed that decision on May 9, 2008, and submitted an appeal to the Second Circuit Court of Appeals on January 10, 2010. On January 25, 2010, Respondents were granted an extension to file their brief until May 17, 2010, more than a month after the end of the upcoming Passover holiday.

11) Shortly after the denial of Plaintiff's federal lawsuit, Defendants initiated a new policy eliminating Aleph as a vendor and making seasonal KFP items available year-round in the prison commissary through a different vendor. This year-round policy applied exclusively to Jewish holiday items; Defendants did not change the holiday purchase policy for other religious groups.

12) To maintain the items year-round, Defendants now sell KFP items at significantly higher prices than they had sold them for under the Aleph program. For example, macaroons doubled in price from $2.25 to $4.90 for a ten-ounce serving. Chocolate that previously sold for $1.25 now costs $2.89. Grape juice costs $3.74, compared to $2.50 previously, and matzo doubled in price from $1.25 to $2.94 for one box.

13) Plaintiff has no other regular source of income other than the wages she earns from her prison employment. From these wages, Plaintiff must purchase all of her hygiene products, medical supplies, supplemental food, religious literature, and personal items. Given her limited income and essential expenditures during the year, Plaintiff is significantly burdened by the increase in price of KFP food items.

14) Plaintiff and other Jewish inmates did not purchase KFP items during the 2009 Passover season because they felt themselves to be the subject of retaliation and they were unable to afford the increased cost. As a result, Plaintiff experienced emotional stress, hunger, and weight loss. Without KFP foods to eat between meals, Plaintiff faced significant hardship in maintaining her KFP diet for the full eight days of the holiday. The increase in prices thus significantly burdened her religious practice.

15) Plaintiff remains unable to afford KFP items and fears that the current pricing will again significantly burden her religious observance and cause her tremendous emotional stress and physical discomfort when Passover begins on March 30, 2010.

16) Unless enjoined by this Court, Defendants will continue to deprive Plaintiff of religious dietary items, and continue to subject her to unlawful retaliation for engaging in the constitutionally protected act of seeking redress for her grievances.

17) The current prohibitive pricing of KFP items by Defendants' agents or employees will result in irreparable injury, loss, and damage to the Plaintiff.

18) Plaintiff is likely to succeed on the merits of this claim or, in the alternative, raises sufficiently serious questions of law going to the merits of the claim.

19) The issuance of a preliminary injunction requiring reinstatement of the prior Aleph SPO program will not cause undue inconvenience or loss to Defendants. In fact, the SPO Aleph program reduces the risk of financial loss to Defendants: Under the program, Defendants need only facilitate the placement of individual inmate orders, rather than themselves make bulk purchases of goods that may not be subsequently purchased by the inmate population. A preliminary injunction, however, will prevent irreparable injury to the Plaintiff.

WHEREFORE, Plaintiff moves for an order

1. Scheduling an evidentiary hearing on or before March 10, 2010; and

2. Enjoining Defendants from selling KFP foods at increased prices during the Passover holiday.

Respectfully Submitted,

_____/s/_____
BRETT DIGNAM
Fed. Bar No. Ct 00283
The Jerome N. Frank Legal Services Organization
Yale Law School
P.O. Box 209090
New Haven, CT 06520
(203) 432-4800

## CERTIFICATE OF SERVICE

I hereby certify that a copy of this Motion was e-filed this 22nd day of February, 2010, with electronic notification sent to:

Assistant U.S. Attorney Alan Soloway
U.S. Attorney's Office – New Haven
157 Church St., 23rd floor
New Haven, CT 06510

                                                                                                _____/s/_____
                                                                    Brett Dignam
                                                                    Jerome N. Frank Legal Services Organization
                                                                    Yale Law School
                                                                    P.O. Box 209090
                                                                    New Haven, CT 06520
                                                                    Bar No.: ct00283
                                                                    brett.dignam@yale.edu