UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AGNES KOLE, | ) | |
|     Plaintiff | ) | |
| | ) | |
|     vs. | ) | Civ. Action No. 3:09-CV-01865 (JCH) |
| | ) | |
| DONNA ZICKEFOOSE, | ) | |
| FELIPE RODRIGUEZ, | ) | |
| WAYNE SCHOONMAKER, | ) | |
|     Defendants. | ) | March 4, 2010 |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT OF
MOTION FOR A PRELIMINARY INJUNCTION**

      Plaintiff respectfully submits this Supplemental Memorandum in Support of a Motion for a Preliminary Injunction to correct a clerical error in Plaintiff's Memorandum in Support of a Motion for a Preliminary Injunction ("Memorandum"). Plaintiff requests that the court substitute the references in her Memorandum to the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. §2000cc-1, with the Religious Freedom Restoration Act (RFRA), 42 U.S.C.A. §2000bb-1. RLUIPA only applies to state penitentiaries, while RFRA applies to federal penitentiaries. Thus RFRA is the proper law for this case. However, both statutes contain identical language, and the Second Circuit and other jurisdictions have held that the same legal analysis applies to both statutes. Thus the error does not in any way alter the legal argument Plaintiff presents in her Memorandum.

      The Religious Freedom Restoration Act (RFRA), 42 U.S.C.A. §2000bb-1, mandates that the government cannot substantially burden a person's exercise of her religion unless the

application of the burden is narrowly tailored to further a compelling government interest. The relevant language of RFRA states:

> (a) Government shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability, except as provided in subsection (b) of this section.
>
> (b) Exception: Government may substantially burden a person's exercise of religion only if it demonstrates that application of the burden to the person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

In *City of Boerne v. Flores,* 521 U.S. 507, 515-16 (1997), the Supreme Court "invalidated RFRA to States and their subdivisions, holding that the Act exceeded Congress' remedial powers under the Fourteenth Amendment." *Cutter v. Wilkinson,* 544 U.S. 709, 715 (2005). "RFRA is therefore unconstitutional as applied to state law." *Hankins v. Lyght,* 441 F.3d 96, 105 (2d Cir. 2006). Since *Boerne,* however, "[e]very appellate court that has squarely addressed the question has held that the RFRA governs the activities of federal officers and agencies." *Id.* at 105-6 (internal quotations omitted). The Second Circuit has "join[ed] the other circuits in holding that the RFRA is constitutional as applied to federal law under the Necessary and Proper Clause of the Constitution." *Id.*

Congress responded to the invalidation of RFRA as against states "by enacting RLUIPA," which invokes the language of RFRA but applies it to the states. Under RLUIPA, 42 U.S.C.A. § 2000cc-1, "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution, as defined in section 1997 of this title, even if the burden results from a rule of general applicability, unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling

governmental interest." In RLUIPA, "government" is defined as "(i) a State, county, municipality, or other governmental entity created under the authority of a State; (ii) any branch, department, agency, instrumentality, or official of an entity listed in clause (i); and (iii) any other person acting under color of State law." 42 U.S.C.A. § 2000cc-5(4)(a). Under 42 U.S.C.A. § 1997, an "institution" is "any facility or institution—(A) which is owned, operated, or managed by, or provides services on behalf of any State or political subdivision of a State; and (B) which is… (ii) a jail, prison, or other correctional facility." Although RLUIPA creates a cause of action against state correctional facilities, "RLUIPA clearly does not create a cause of action against the federal government or its correctional facilities." *Ish Yerushalayim v. U.S.,* 374 F.3d 89, 92 (2d Cir. 2004).

      Given that RFRA and RLUIPA employ identical language, courts use precedent under RFRA to analyze cases under RLUIPA, and precedent under RLUIPA to analyze cases under RFRA. *See Westchester Day School v. Village of Mama, Hankins v. Lyght,* 441 F.3d 96, 111 (2d Cir. 2006); *Bikur Cholim, Inc. v. Village of Suffern,* 664 F.Supp.2d 267, 291 (S.D.N.Y. 2009); *Forde v. Zickefoose,* 612 F.Supp.2d 171, 177 n. 1-2 (D.Conn. 2009). RFRA is thus the proper statute for Plaintiff's case and should replace references to RLUIPA in her Memorandum. The change does not alter her legal argument, as the standard under each statute is identical and courts employ the same analysis under each statute.

                Respectfully submitted,

                _____/s/_____
                BRETT DIGNAM
                Fed. Bar No. Ct 00283
                The Jerome N. Frank Legal Services Organization
                Yale Law School
                P.O. Box 209090
                New Haven, CT 06520
                (203) 432-4800

On the Memorandum:

Burke Butler '11
Emily Stirba '10
Law Student Interns

**CERTIFICATE OF SERVICE**

      I hereby certify that a copy of this Motion was e-filed this 3rd day of March, 2010, with electronic notification sent to:

Assistant U.S. Attorney Alan Soloway
U.S. Attorney's Office – New Haven
157 Church St., 23rd floor
New Haven, CT 06510

                                                             /s/
                                       Brett Dignam
                                       Jerome N. Frank Legal Services Organization
                                       Yale Law School
                                       P.O. Box 209090
                                       New Haven, CT 06520
                                       Bar No.: ct00283
                                       brett.dignam@yale.edu