UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| Agnes Kole, )<br>)<br>    Petitioner, )<br>)<br>    v. )<br>)<br>U.S. Bureau of Prisons, FCI Danbury, )<br>Maureen Baird, Felipe Rodriguez, and )<br>Wayne Schoonmaker, et al. )<br>)<br>    Respondents. ) | Civ. Action No. 3:09-CV-1865(JCH)<br><br><br>May 19, 2010 |

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION TO DISMISS

### I.  BACKGROUND

The United States Bureau of Prisons, FCI Danbury[1] and the individual federal respondents, file this Memorandum in Support of the Motion to Dismiss in response to the complaint filed by petitioner. Petitioner filed the complaint *pro se,* but subsequent to the filing of the complaint, counsel appeared on behalf of petitioner and filed pleadings related to a request for a preliminary injunction. The request for a preliminary injunction was denied by this Honorable Court and counsel for petitioner has not filed an amended complaint.

Petitioner is a 43 year old citizen of Nigeria who was sentenced by the Honorable Judge John C. Lifland, U.S. District Court for the District of New Jersey, to a twenty year term of imprisonment for her involvement in the importation of twenty kilograms of heroin into the United States. Judge Lifland, upon the application of the United States, departed his sentence upward based primarily on petitioner's prior felony drug

---

[1] FCI Danbury is not suable entity, it is a place. As such, the complaint as to FCI, Danbury should be dismissed.

possession conviction from the Philippines. United States v. Kole, 164 F.3d 164( 3rd Cir. 1998). The United States Court of Appeals for the Third Circuit affirmed Judge Lifland's sentence.

In November of 2007, petitioner filed a remarkably similar action to the instant petition, challenging the decision of the FCI Danbury staff to limit the supplemental Kosher for Passover foodstuffs to five items, a reduction from the menu of items previously available for purchase by the inmates. Kole v. Lappin, 551 F.Supp. 2d 149 (D. Ct. 2008). This Honorable Court found that by reducing the number of Kosher for Passover foods available for purchase by inmates, the respondents had not substantially burdened Ms. Kole's religious exercise because the change did not impinge on her ability to keep Kosher for Passover. Id at 154. Additionally, the Court went on to find that the prison's decision to supply Ms. Kole with two Sedar meals and three Kosher for Passover meals and a box of matzoh each day during the eight days of the holiday sufficed to permit her free exercise of religion. Id at 154. The Court then went on to reject a First Amendment Retaliation Claim, an Equal Protection Claim, and a claim alleging "deliberate indifference" to Ms. Kole's substantive due process rights under the Fifth Amendment. The decision of the District Court is currently pending an appeal to the Second Circuit Court of Appeals.

The instant case, initially brought by petitioner on a *pro se* basis, and brought against the individual respondents in their personal and individual capacities, challenges the decision to change the vendor and a resultant rise in the prices of some of the Kosher for Passover foodstuffs. Petitioner claims that the increased prices had a disparate impact on Jewish inmates in the celebration of a holiday central to Ms. Kole's

religious beliefs. The claim alleges that the policy in effect for the 2009 Passover holiday impinges on Ms. Kole's ability to exercise her religion due to the increased cost of supplemental Kosher for Passover food items. Ms. Kole alleges that her equal protection rights were adversely impacted because the change in menu pricing had an allegedly disparate impact on the Jewish population at FCI Danbury unlike the menu selection and impact on the Christian or Muslim population. Finally, Ms. Kole claims that her first amendment rights were violated and suggests that the change in policy was brought in retaliation for her prior grievance. The food items that FCI Danbury provides at no cost to documented Jewish inmates wishing to keep Kosher for Passover as part of their worship, remains unchanged since the earlier litigation.

  The U.S. Bureau of Prisons, FCI Danbury and respondents in their official and individual capacities pray that this Honorable dismisses the complaint. petitioner's .

  II.  <u>STANDARD OF REVIEW</u>

  "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Dahlberg v. Becker*, 748 F.2d 85, 88 (2d Cir. 1984)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)) Thus, in acting on a Fed. R. Civ. P. 12(b)(6) motion to dismiss, courts must construed the complaint's allegation in a light favorable to the plaintiff. *See Dahlberg*, 748 F.2d at 88.

  III.  <u>PLAINTIFF WILL NOT SUFFER HARM OF CONSTITUTIONAL MAGNITUDE IF THE SUPPLEMENTAL KOSHER FOR PASSOVER COMMISSARY CHOICES FOR 2010 REMAIN UNCHANGED</u>

  Warden Baird's choice of which supplemental Kosher for Passover items are available for an inmate's commissary purchase does not burden petitioner's ability to

practice her religion and does not impinge on her ability to keep Kosher for Passover. FCI Danbury provides petitioner with two Sedar dinners during Passover, and otherwise provides her with three substantial Kosher for Passover meals and a box of Kosher for Passover Matzoh daily during the eight day holiday. While petitioner has alleged that she likes to snack, principally after the evening meal, and has suggested that the meals and Kosher for Passover Matzo are insubstantial to satisfy her hunger or nutritional needs, the facts show otherwise. The evidence taken at the hearing for a preliminary injunction demonstrates that Kosher for Passover food in excess of three thousand calories daily at BOP expense, exclusive of vegetables in the raw bar, and those Kosher for Passover items available for commissary purchase, is provided to each observant Jewish inmate and does not impact Ms. Kole's free exercise of Judaism. While the selection and pricing of supplemental items available through commissary purchase may not be to petitioner's liking, they do provide some nutritional supplement to the daily Kosher for Passover foods provided at FCI Danbury expense. Petitioner has not shown that her right to freedom of religious exercise under the First Amendment has or will be burdened.

The notion that a plaintiff must establish a substantial burden on her religious exercise to claim constitutional protection is derived from the Supreme Court's test in Sherbert v. Vernier, 374 U.S. 398 (1963); Ford v. McGinnis, 352. F.3d 582, 591 (2nd Cir. 2003).  In Sherbert, government actions substantially burdening a religious practice must be justified by a compelling government interest. Id. At 402-403.  Subsequent decisions of the Court make clear the government interest needed to overcome a burden on prisoners' religious exercise is much lower than that in other cases. Ford at

591, citing O'Lone v. Shabazz, 482 U.S. 342, 342(1987). Even when a religious practice is of central importance to an incarcerated adherent, a challenged policy will be upheld if it is related to the secure and orderly running of a correctional institution.  *See* O'Lone, 482 U.S. at 351-52 ("While we in no way minimize the central importance of Jumu'ah to respondents, we are unwilling to hold that prison officials are required by the Constitution to sacrifice legitimate penological interests to that end.").  In the Second Circuit, "we defin[e] a substantial burden as a situation where 'the state puts substantial pressure on an adherent to modify his behavior and to violate his beliefs.'", McEachin v. McGuinnis, 357 F.3d 197, 202 n.4 (2nd Cir. 2004, *citing* Jolly v. Coughlin, 76 F.3d 468, 477 (2d Cir. 1996).

 Petitioner alleges a "substantial burden" to have been imposed by the fact a change in vendors has increased prices for Kosher items sold through the inmate commissary.  Such an allegation is legally insufficient to maintain a cause of action under whichever theory of the case plaintiff chooses (the Free Exercise Clause, Religious Freedom Restoration Act (RFRA) and, Religious Land Use and Institutionalized Persons Act (RLUIPA)), as "courts generally have found that no 'substantial burden' exists if the regulation merely makes the practice of the religious belief more expensive." Patel v. Bureau of Prisons et al., 515 F.3d. 807, 813 (8th. Cir. 2008) *citing* Braunfield v. Brown, 366 U.S. 599, 605 (1961).

 Although the Second Circuit has yet to pass upon the question of whether a regulation increasing the cost of a religious practice creates a substantial burden, other Circuits have stated that it does not.  *See* Donovan v. Tony & Susan Alamo Found., 722 F.2d 397, 403 (8th Cir. 1983)(concluding that "legislation otherwise legitimate does

not violate the Free Exercise Clause merely because financial detriment results"); Midrash Sephardi, Inc. v. Town of Surfside, 366 F.3d 1214, 1227 n.11 (11th Cir. 2004)(acknowledging the economic reality of the marketplace does not constitute a substantial burden under RLUIPA); Civil Liberties for Urban Believers v. City of Chicago, 342 F.3d 752, 762 (7th Cir. 2003)(requiring more expensive building guidelines did not impose a substantial burden on a church under RLUIPA); Goodall by Goodall v. Stafford County Sch. Bd., 60 F.3d 168, 172 (4th Cir. 1995)(placing economic burden of purchasing speech services for a student attending a private school did not impose a substantial burden on plaintiffs under RFRA).

The petitioner cannot show any harm, other than a *de minimas* financial deteriment, because her ability to practice her religious beliefs are not impacted. As such the complaint should be dismissed

### IV.    PETITIONER'S CLAIM IS BARRED BY COLLATERAL ESTOPPEL

Petitioner's claim in this case is virtually identical to her prior action in which this Honorable Court ruled in favor of the government. The only difference in the Kosher for Passover supplemental food offering available through commissary purchase attacked in the instant litigation and that offered in the prior case is that a different vendor with higher prices has been selected.

As articulated in the Rodriguez Declaration, Paragraphs 10-12, there was a valid penological reason for selecting Jozev rather than Aleph, and there was a valid penological reason for keeping most of the Kosher for Passover Products available on a year round basis.

Petitioner in the instant action again alleges that her right to freedom of religion

has been adversely impacted; that her right to equal protection has been violated because other religions represented at Danbury did not incur a similar increase in foods important to their religious expression; and that the only possible justification for the change in policy is that it was in retaliation for petitioner's use of the courts and grievance processes. The attacks on the present program are the same attacks made in the prior litigation which were rejected by this Honorable Court.

Collateral estoppel, or issue preclusion, prevents parties or their surrogates from relitigating in a subsequent action an issue of fact or law that was fully and fairly litigated in a prior proceeding. Boguslavsky v. Kaplan, 159 F.3d 715, 719-720 (2d Cir. 1998). The instant situation is unlike the situation in Marvel Characters, Inc. v. Simon, 310 F. 3d 280, 288 (2d Cir. 2002),Petitioner's Brief at 28. In Marvel, the stipulation of settlement did not contain findings which might arise in the course of a subsequent litigation between the parties. The decision of this Honorable Court in the earlier litigation, Kole v. Lappin, 551 F.Supp. 2d 149 (D. Ct. 2008) contained clearly articulated facts and a legal analysis justifying the decision clearly distinguishing it from Marvel.

In Purdy v. Zeldes, 337 F.3d 253 (2d Cir. 2003), Petitioner's Brief at 28, a case cited in support of petitioner's application for a preliminary injunction, a disgruntled criminal defendant was ***barred*** on the basis of collateral estoppel of litigating malpractice claims relating to advice about plea options when those same claims were substantively rejected in the criminal defendant's prayer for habeas corpus relief. Simply put, Purdy supports the arguments of respondents and not the petitioner.

The principle of collateral estoppel bars petitioner's relitigation of the same issues before this Court and the complaint should be dismissed.

WHEREFORE, the complaint should be dismissed with prejudice.

                                      Respectfully submitted,

DAVID B. FEIN
UNITED STATES ATTORNEY

JOHN B. HUGHES
ASSISTANT U.S. ATTORNEY
CHIEF, CIVIL DIVISION

    s/
ALAN MARC SOLOWAY
ASSISTANT U.S. ATTORNEY
157 CHURCH STREET-23RD FL.
NEW HAVEN, CT 06508
(203)821-3700
FAX: (203) 773-5373
FEDERAL BAR NO. ct01581
alan.soloway@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on May 19, 2010, I electronically filed the above referenced pleading with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

                                        s/
                                        Alan Marc Soloway