UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| AGNES KOLE, | : | CIVIL ACTION NO. |
|     Plaintiff, | : | 09-cv-1865 (JCH) |
| v. | : | |
| | : | |
| FCI DANBURY ET AL., | : | |
|     Defendants. | : | JUNE 25, 2010 |

**RULING RE: DEFENDANTS' MOTION TO DISMISS (Doc. No. 50)**

**I.    INTRODUCTION**

Plaintiff, Agnes Kole, is a Jewish inmate at FCI Danbury (sometimes "the prison" or "the institution"), who maintains a religiously observant Kosher diet. Kole brought this action against FCI Danbury and several of its officials ("defendants"). She alleges that the institution's decision to change vendors for Kosher-for Passover ("KFP") food, resulting in increased prices, has caused a violation of her First and Fifth Amendment rights, the Religious Freedom Restoration Act ("RFRA"), and was made in retaliation for Kole's protected First Amendment activity. See Complaint ("Cmplt.") (Doc. No. 1).

Kole moved this court for a Preliminary Injunction to enjoin the prison from selling KFP food through its commissary at increased prices during the 2010 Passover holiday. See Motion for Preliminary Injunction (Doc. No. 24). The court denied the Motion for Preliminary Injunction on March 11, 2010. See Transcript of March 11, 2010 Telephonic Ruling (Doc. No. 48).

Defendants now move the court to dismiss Kole's Complaint. See Motion to Dismiss (Doc. No. 50). For the following reasons, the Motion to Dismiss is denied.

## II. STANDARD OF REVIEW

In deciding a motion to dismiss, the court takes the allegations of the Complaint as true and construes them in a manner favorable to the pleader.  See, e.g., Hoover v. Ronwin, 466 U.S. 558, 587 (1984); Phelps v. Kapnolas, 308 F.3d 180, 184 (2d Cir. 2002).  The court must draw all reasonable inferences in the plaintiff's favor.  See, e.g., Yung v. Lee, 432 F.3d 142, 146 (2d Cir. 2005).  A motion to dismiss for failure to state a claim, pursuant to Rule 12(b)(6), tests only the adequacy of the complaint.  See United States v. City of N.Y., 359 F.3d 83, 87 (2d Cir. 2004).  Bald assertions, and mere conclusions of law, do not suffice to meet the plaintiff's pleading obligations. See Amron v. Morgan Stanley Inv. Advisors Inc.,464 F.3d 338, 344 (2d Cir. 2006).  Instead, plaintiffs are obliged to "amplify a claim with some factual allegations in those contexts where such amplification is needed to render the claim plausible." Iqbal v. Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007), rev'd on other grounds sub. nom. Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009). The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft, 129 S. Ct. at 1949.

## III. FACTUAL BACKGROUND

Plaintiff, Agnes Kole, is a Jewish Inmate at FCI Danbury in Danbury, Connecticut.  Kole observes a restrictive diet of foods designated as Kosher and, during the Passover season, she observes an even more restrictive diet, Kosher-for-Passove" ("KFP").

Prior to 2007, inmates at the prison could purchase KFP food items through a

Special Purchase Order program with the Aleph Institute ("Aleph"). Aleph provided the items at discounted rates. In 2007, FCI Danbury decided to discontinue the Special Purchase Order program and instead stock a lesser variety of KFP items in the prison's commissary. Kole grieved this decision. She ultimately brought a lawsuit against FCI Danbury and several of its officials in 2007, alleging that the elimination of several KFP items from availability violated Kole's constitutional rights. Kole's 2007 petition was denied by this court, and an appeal is currently pending before the Second Circuit.

In 2009, FCI Danbury decided no longer to use Aleph to supply the KFP food items. The change in vendors resulted in increased prices for KFP items. Kole filed a grievance regarding this decision to change vendors, but the prison responded that it now wanted to provide KFP items on a year-round basis, and the Aleph Institute could not accommodate that desire. Kole continued to grieve this process, challenging the decision on the grounds that it impeded her religious exercise, violated her rights to equal protection because the prison did not prevent the religious exercise of members of other religions, and was enacted in retaliation for Kole's 2007 lawsuit. When her grievances proved unsuccessful, Kole filed this action against the prison and several of its officials.

**IV.   DISCUSSION**

Defendants contend that Kole's Complaint should be dismissed on the basis that: (1) Kole has failed to state a plausible claim under either the RFRA or the First Amendment because she has not offered sufficient factual allegations that her religious practice has been "substantially burdened" by the defendants; and (2) Kole's Complaint is barred by collateral estoppel because it raises identical claims to those Kole raised in

a prior lawsuit against the defendants. See Motion to Dismiss. The court will address each of these arguments in turn.

    A.    <u>Sufficiency of Pleading</u>

Defendants challenge the sufficiency of both Kole's claim under the RFRA and her free exercise claim under the First Amendment.[1]

        1.    RFRA Claim

Under the RFRA, codified at 42 U.S.C. section 2000bb, the government "shall not substantially burden a person's exercise of religion even if the burden results from a rule of general applicability, except as provided in subsection (b) of this section." See 42 U.S.C. § 2000bb. The Second Circuit has defined a "substantial burden" as a situation where "the state 'puts substantial pressure on an adherent to modify his behavior and to violate his beliefs.'" Jolly v. Coughlin, 76 F.3d 468, 477 (2d Cir.1996) (citations omitted). If government activity creates such a substantial burden, subsection (b) of the RFRA provides that such activity is lawful "only if [the government] demonstrates that application of the burden to the person – (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000bb.

Defendants argue that Kole's Complaint does not contain allegations sufficient to maintain a plausible cause of action, as she does not adequately allege that the defendants have substantially burdened her religious exercise. See Motion to Dismiss

---

[1] In their Motion to Dismiss, defendants only challenge the sufficiency of the Complaint with respect to Kole's religious exercise claims under the First Amendment and the RFRA. Because the defendants did not address Kole's Fifth Amendment or First Amendment retaliation claim until filing their Reply Brief (Doc. No. 54), the court will not address those claims at this stage.

at 3-6.  Specifically, defendants urge that government activity which merely makes religious exercise more expensive does not substantially burden that exercise. Although defendants acknowledge that the Second Circuit has yet to address this issue directly, they point to numerous decisions from other circuits that support this position. See Motion to Dismiss at 5-6 (citing cases).  Kole, however, argues that the Second Circuit has clearly stated that deprivations of religious foods are substantially burdensome to religious exercise.  See Opposition to Motion to Dismiss at 10 (citing, inter alia, Bass v. Coughlin, 976 F.2d 98, 99 (2d Cir. 1992) ("As early as 1975, it was established that prison officials must provide a prisoner a diet that is consistent with his religious scruples.").

The court concludes that Kole has adequately pled her claim under the RFRA for purposes of surviving a motion to dismiss.  Kole's Complaint articulates: (1) that Kole keeps Kosher for Passover and requires KFP food items during the Passover holiday; (2) that in the prison environment, the new KFP pricing scheme renders KFP food items "essentially unavailable;" and (3) that Kole and other inmates experienced real hardship during the 2009 Passover season because they could not supplement any KFP meals with commissary items at higher prices, and that such hardship would continue in 2010. See Cmplt. at 2, 4, 12, 17, 20.  These allegations are sufficient to sustain a claim under the RFRA at this stage in the proceedings.  Defendants urge that Kole has not shown "any harm, other than a de minimis financial detriment, because her ability to practice her religious beliefs are not impacted."  Motion to Dismiss at 6.  However, Kole's Complaint clearly alleges that the price increase has left her and other inmates that observe a Kosher diet "unable to obtain these items."  Cmplt. at 3.  Whether the KFP

policy actually creates such onerous hardship so as to "substantially burden" Kole's religious practice is not for the court to decide at this time. Instead, the court now only assesses the adequacy of Kole's Complaint, and the court concludes that Kole has provided sufficient factual allegations "render [her] claim plausible." Iqbal v. Hasty, 490 F.3d at 157-58.

In their Motion to Dismiss, defendants rely heavily on the fact that "evidence taken at the hearing for a preliminary injunction demonstrates that [KFP] in excess of three thousand calories daily . . . is provided to each observant inmate" exclusive of those KFP items available at the commissary. Motion to Dismiss at 4. Ultimately, such evidence may very well demonstrate that Kole's religious exercise has not been substantially burdened, because FCI Danbury provides her with an adequate KFP diet even without the supplemental items. However, as the Second Circuit has made clear, this evidence cannot be considered by the court in evaluating the instant Motion. See Chandler v. Coughlin, 763 F.2d 110, 113 (2d Cir. 1985) (finding that court erred in relying on evidence "submitted to the court in support of [defendant's] opposition to [plaintiff's] motion for a preliminary injunction."). Instead, a motion to dismiss pursuant to Rule 12(b)(6) tests only the adequacy of the Complaint, and the court's consideration is limited to "the factual allegations in the Complaint, . . . to documents attached to the complaint as an exhibit or incorporated by reference, to matters of which judicial notice may be taken, or to documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." Brass v. Am. Film Techs., Inc., 987 F.2d 142, 150 (2d Cir. 1993). Upon considering only those documents, the court concludes that defendants are not entitled to the dismissal of Kole's claims under the RFRA.

2.      First Amendment Claim

Free exercise claims under the First Amendment proceed under the framework set forth by the Supreme Court in Turner v. Safley, 482 U.S. 78, 89 (1987). Under the First Amendment, a prison policy that burdens the free exercise of religion passes constitutional muster if "it is reasonably related to legitimate penological interests." Id. In the Second Circuit, it is unclear whether a plaintiff must, as a threshold matter, make a showing of a "substantial burden," or instead must demonstrate merely that the challenged practice "infringes" upon the exercise of a religion. See McEachin v. McGuinnis, 357 F.3d 197, 202 (2d Cir. 2004). If a plaintiff satisfies his or her threshold burden, a court weighs the reasonableness of the challenged regulation pursuant to the four-factor test established in Turner. See Turner, 482 U.S. at 89-90. First, "there must be a valid, rational connection between the prison regulation and the legitimate governmental interest put forward to justify it." Id. at 89. A second consideration is whether "there are alternative means of exercising the right that remain open to prison inmates." Id. at 90. Third, a court must consider "the impact accommodation of the asserted constitutional right will have on guards and other inmates, and on the allocation of prison resources generally." Id. Finally, a court must consider "the absence of ready alternatives" or "the existence of obvious, easy alternatives" which "may be evidence that the regulation is not reasonable, but is an 'exaggerated response' to prison concerns." Id. The Turner court clarified, however, that this final consideration does not create a "least restrictive alternative" test. Id.

At this stage, the analysis regarding Kole's First Amendment claim closely resembles the analysis relating to Kole's claim under the RFRA. As noted in greater

detail, supra, at 5-6, Kole has sufficiently alleged that her religious exercise has been substantially burdened by FCI Danbury's change in KFP policy. Thus, even assuming that Kole must meet the more exacting "substantial burden" standard, and not the less stringent "infringement" standard, Kole's First Amendment claim is sufficient. Furthermore, in her Complaint, Kole alleges that this change in KFP policy was not effectuated due to a legitimate penological interest, but instead in direct retaliation for the earlier complaints Kole raised against the prison and its officials. See Cmplt. at 10 ("Because Jewish inmates only need [KFP] items during Passover, FCI Danbury's stated rationale is not legitimate, it allows an inference that the change was retaliatory for my recourse to federal courts on a related issue in 2008."). These allegations are supported by the temporal proximity between the change in KFP policies and Kole's earlier complaints. Thus, Kole's Complaint contains sufficient allegations to maintain a plausible First Amendment claim.

      B.     Collateral Estoppel

"Collateral estoppel, or issue preclusion, prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action . . . . For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment." Waterbury Equity Hotel, LLC v. City of Waterbury, 85 Conn. App. 480, 493 (2004) (quotation marks and citations omitted); see also Lyon v. Jones, 291 Conn. 384, 406 (2009) ("[C]ollateral estoppel ... is that aspect of res judicata that prohibits the relitigation of an issue when that issue was actually litigated and necessarily determined in a prior action between the same parties or those

in privity with them upon a different claim . . . . An issue is actually litigated if it is properly raised in the pleadings or otherwise, submitted for determination, and in fact determined.") (citations omitted).

Defendants assert that Kole's claim in this case is "virtually identical" to the action Kole brought against FCI Danbury in 2007. In that case, Kole challenged the prison's transition from the Special Purchase Order process to the commissary program on the ground that the reduction in available food items (from fourteen to five) that accompanied that transition violated several of her constitutional rights. See Kole v. Lappin et al., 07-cv-1711 (JCH). In an April 16, 2008 Bench Trial Ruling, this court found against Kole on each of her claims. Id. Defendants urge that Kole now seeks to relitigate the claims that were the subject of that earlier lawsuit. See Motion to Dismiss at 6-7.

The court concludes, however, that Kole's claims are not barred by the resolution of her earlier lawsuit by this court. Kole now challenges FCI Danbury's 2009 decision to switch KFP food vendors. That decision had not even been made at the time of Kole's earlier lawsuit, and the two actions are thus entirely distinct. Moreover, Kole's 2007 lawsuit involved a challenge to the variety of KFP food items offered in FCI Danbury's commissary; the current action does not challenge the variety, but instead challenges the increased prices – which, it bears repeating, were not even put into place until after Kole's 2007 lawsuit was closed in this court. See Cmplt. at 2. In light of the fact that Kole's 2007 lawsuit challenged a prison policy that is distinct from the current challenged action, and was terminated before the currently challenged policy was implemented, the court concludes that the principle of collateral estoppel does not bar

Kole's claims.

**V.     CONCLUSION**

For the foregoing reasons, the court concludes that Kole has stated plausible claims in her Complaint, and further concludes that those claims are not barred by collateral estoppel.  Therefore, the defendants' Motion to Dismiss is hereby **DENIED**.

**SO ORDERED.**

Dated at Bridgeport, Connecticut, this 25th day of June 2010.


                              /s/ Janet C. Hall
                              Janet C. Hall
                              United States District Judge